JUDGE STANTON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, as successor to CCI Insurance Company, successor to Insurance Company of North America; ACE PROPERTY & CASUALTY INSURANCE COMPANY (f/k/a CIGNA Property & Casualty Insurance Company) on behalf of Central National Insurance Company of Omaha, but only as respects policies issued by it through Cravens, Dargan & Company, Pacific Coast; and WESTCHESTER FIRE INSURANCE COMPANY (i) on behalf of TIG Insurance Company, as successor to International Insurance Company, and (ii) with respect to certain policies allegedly issued by U.S. Fire Insurance Company,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROYAL INSURANCE COMPANY OF AMERICA as successor in interest to Phoenix Assurance Company of New York,<br><br>    Defendant. | ___ Civ. _____<br><br>[NOV 30 2007 U.S.D.C. S.D.N.Y. CASHIERS stamp] |

## COMPLAINT

Plaintiffs Century Indemnity Company, as successor to CCI Insurance Company, successor to Insurance Company of North America; ACE Property & Casualty Insurance Company (f/k/a Cigna Property & Casualty Insurance Company) on behalf of Central National Insurance Company of Omaha, but only as respects policies issued through Cravens, Dargan & Company, Pacific Coast; and Westchester Fire Insurance Company (i) on behalf of TIG Insurance Company, as successor to International Insurance Company, and (ii) with respect to certain policies allegedly issued by U.S. Fire Insurance Company, for their Complaint against defendant Royal Insurance Company of America as successor in interest to Phoenix Assurance Company of New York state as follows:

## THE PARTIES

1.    Plaintiff Century Indemnity Company is a corporation organized under the laws of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. Century Indemnity sues as successor to the rights and interests of CCI Insurance Company, successor to Insurance Company of North America ("INA") with respect to contracts in dispute in this matter, discussed below, that were issued to INA. Century Indemnity, CCI Insurance Company and INA will be collectively referred to as "Century Indemnity."

2.    Plaintiff ACE Property & Casualty Insurance Company (f/k/a CIGNA Property & Casualty Insurance Company) is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania ("ACE P&C"). ACE P&C on behalf of Central National Insurance Company of Omaha (but only in connection with policies issued by it through Cravens, Dargan & Company, Pacific Coast, as managing general agent) with respect to contracts in dispute in this matter, discussed below, that were issued to Central National.

3.    Plaintiff Westchester Fire Insurance Company is a corporation organized under the laws of New York, with its principal place of business in Philadelphia, Pennsylvania. Westchester sues on behalf of TIG Insurance Company as the successor to International Insurance Company, with respect to contracts in dispute in this matter, described below, which were issued by International Insurance Company. Westchester also sues as successor to the rights and interests of U.S. Fire Insurance Company, with respect to contracts in dispute in this matter, discussed below, that were issued to U.S. Fire Insurance. Westchester Fire Insurance Company, TIG Insurance Company, International Insurance Company, and U.S. Fire Insurance will be collectively referred to as "Westchester."

4.  Upon information and belief, defendant Royal Insurance Company of America, as successor in interest to Phoenix Assurance Company of New York ("Phoenix"), is a corporation organized under the laws of Illinois, with its principal place of business in North Carolina. The contracts in dispute in this matter, as discussed below, were issued by Phoenix.

5.  This action arises out of Phoenix's failure to honor reinsurance agreements it has with Plaintiffs, despite the fact that Plaintiffs have fulfilled all of their obligations under those agreements. As of the date of this Complaint, Phoenix owes and has refused to pay at least $259,342.62 to Plaintiffs. Plaintiffs anticipate that further owed amounts will accrue as they continue to bill Phoenix pursuant to the terms of the reinsurance agreements.

## JURISDICTION AND VENUE

6.  Jurisdiction of this action arises under 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars, and the parties are citizens of different states.

7.  Venue is proper in this district under 28 U.S.C. § 1391(a) and (c).

## THE REINSURANCE AGREEMENTS

8.  Reinsurance is a contractual arrangement that involves the transfer of all or a portion of the insurance risks underwritten by one insurer (referred to as the ceding company or cedent) to another insurer (referred to as the reinsurer), pursuant to the terms of a reinsurance agreement.

9.  Plaintiffs initially issued insurance policies to a number of companies, including, but not limited to, the following insurance policies (the "Underlying Policies"):

| Account Name | Policy Number | Effective Dates |
|---|---|---|
| American Home Products | GLP706498 | 7/1/78 – 7/1/79 |
| Diamond Shamrock | 522010411 | 3/1/80 – 3/1/81 |
| Diamond Shamrock | 522010856 | 3/1/81 – 7/1/82 |
| Marley Wylain | CNU033011 | 8/1/78 – 8/1/79 |
| Marley Wylain | CNU034863 | 8/1/79 – 8/1/80 |
| Sangamo-Weston | 523191197 | 1/1/82 – 1/1/83 |
| Sangamo-Weston | 523285501 | 10/1/83 – 10/1/86 |
| Wickes | F6127637 | 5/15/78 – 5/15/82 |

10. In turn, Plaintiffs, as cedents, transferred a portion of their risk on each Underlying Policy to Phoenix, the reinsurer, through a corresponding facultative certificate, including, but not limited to, the following facultative certificates ("Certificates"): C-50187, C-51202, C-51928, C-50219, C-50808, C-52603, P-10670, P-11717, and P-13063.

11. Plaintiffs have fully performed all of their obligations under the Certificates, including the payment of all premiums to which Phoenix is entitled.

12. Plaintiffs have billed Phoenix certain amounts pursuant to the Certificates for Phoenix's share of the claims, which Plaintiffs have paid out pursuant to the Underlying Policies.

13. Despite repeated requests for payment by Plaintiffs, Phoenix has refused to reimburse Plaintiffs for the amounts for which Phoenix is liable under the Certificates. As of the date of this filing, Phoenix owes Plaintiffs at least $259,342.62, plus interest, under the Certificates, as follows:

| Account Name | Amount Billed |
|---|---|
| American Home Products | $100,188.37 |
| Diamond Shamrock | $11,777.50 |
| Marley Wylain | $10,333.52 |
| Sangamo-Weston | $51,074.59 |
| Wickes | $85,968.64 |
| TOTAL | $ 259,342.62 |

14. Plaintiffs continue to pay claims on the Underlying Policies on an on-going basis, for which they will, in turn, continue to bill Phoenix pursuant to the terms of the Certificates.

## COUNT I
### (Breach of Contract)

15. Paragraphs 1 through 14 are incorporated by reference as if fully set forth herein.

16. Plaintiffs have fully performed all of their obligations under the Certificates, including (i) the payment of all premiums to which Phoenix is entitled, and (ii) the payment of claims on the Underlying Policies for which Plaintiffs are liable.

17. By refusing to reimburse Plaintiffs for Phoenix's share of the claims that Plaintiffs have paid, Phoenix is in breach of its obligations under the Certificates.

18. Phoenix's breach of the Certificates has caused, and will continue to cause, damage to Plaintiffs. To the present date, Phoenix owes Plaintiffs at least $259,342.62, exclusive of interest and costs.

## COUNT II
### (Declaratory Judgment)

19. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. An actual controversy exists between Plaintiffs, on the one hand, and Phoenix, on the other, as to the amounts Plaintiffs would be entitled to recover from Phoenix under the Certificates for any future claims that Plaintiffs pay out on the Underlying Policies.

21. Plaintiffs continue to pay claims on the Underlying Policies on an on-going basis, for which they will, in turn, continue to bill Phoenix pursuant to the terms of the Certificates. Upon information and belief, Phoenix will likely refuse to pay future amounts billed by Plaintiffs under the Certificates in the same manner that Phoenix has refused to pay Plaintiffs for the amounts already billed under the Certificates. Thus, this controversy is ripe for judicial determination.

22. In accordance with 28 U.S.C. §§ 2201 and 2202, the Court should declare and determine the rights and obligations of the parties under the Certificate, including declaring and determining that (i) Phoenix is in breach of the Certificates, and (ii) Phoenix is obligated to pay future billings from Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

(a) That the Court award Plaintiffs damages, including appropriate interest and costs, for an amount to be determined as a result of Phoenix's breach of the Certificates;

(b) That the Court enter judgment declaring and determining that Phoenix is in breach of the Certificates;

(c)   That the Court enter judgment declaring and determining the rights and obligations of the parties under the Certificates with respect to future billings from Plaintiffs;

(d)   For attorneys' fees and costs; and

(e)   For such other or further relief as may be just and proper.

November 30, 2007                              Respectfully Submitted,

*[signature]*

Frank M. Esposito (FE2558)
CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, NY 10022
Telephone (212) 223-4000
Facsimile (212) 223-4134

- and -

William C. O'Neill
Jennifer R. Devery
Lori T. Hildebrand
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone (202) 624-2500
Facsimile (202) 628-5116

*Attorneys for Plaintiffs Century Indemnity Company, as successor to CCI Insurance Company, successor to Insurance Company of North America; ACE Property & Casualty Insurance Company (f/k/a CIGNA Property & Casualty Insurance Company) on behalf of Central National Insurance Company of Omaha, but only as respects policies issued by it through Cravens, Dargan & Company, Pacific Coast; and Westchester Fire Insurance Company (i) on behalf of TIG Insurance Company, as successor to International Insurance Company, and (ii) with respect to certain policies allegedly issued by U.S. Fire Insurance Company*

4665794