Daniel L. FitzMaurice (DF-6096)
DAY PITNEY LLP
242 Trumbull Street
Hartford, Connecticut 06103-1212
Telephone:     (860) 275-0100
 Facsimile:      (860) 275-0343
dlfitzmaurice@daypitney.com

Attorneys for Defendant, Arrowood Indemnity Company

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
CENTURY INDEMNITY COMPANY, et al.         Civil Action

                                   Plaintiffs,    No. 1:07-CV-10713 (LLS/GWG)

         -against-                                  ECF Case


ROYAL INSURANCE COMPANY OF AMERICA,

                                   Defendant.
---------------------------------------------------------------x

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, STRIKE OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Defendant Arrowood Indemnity Company ("Arrowood"), successor to the rights and interests of Royal Insurance Company of America ("Royal"), submits this Memorandum Of Law In Support Of Its Motion To Dismiss, Strike Or In The Alternative For A More Definite Statement.  Serious deficiencies plague plaintiffs' complaint:

•	In violation of Rule 10(b), Count One conflates claims relating to at least nine, separate contracts, none of which are between more than one plaintiff and the defendant, making it impossible to determine which claims, if any, satisfy the requisite amount in controversy, and impossible to differentiate which allegations apply to which contract(s); and

•	In contravention of Article III of the Constitution and the Declaratory Judgment Act, Count Two fails to identify any ripe case or controversy and requests a blanket declaration that, should plaintiffs submit future billings, the defendant must pay them automatically, without regard to their nature and without any need for substantiation.

Due to these inadequacies, it is impossible for Arrowood to formulate a responsive pleading which will allow for efficient pre-trial proceedings.  Furthermore, plaintiffs' request for a declaratory judgment is premature, presenting the Court with non-justiciable hypothetical issues, as opposed to an actual controversy.  Thus, Arrowood respectfully requests that the Court: (1) dismiss, strike or in the alternative require a more definite statement of plaintiffs' first count because plaintiffs have failed to allege claims arising out of separate transactions or occurrences in separate counts; and (2) dismiss plaintiffs' second count because it is not ripe for adjudication, or is more properly adjudicated in the future.

### I.     BACKGROUND

On November 30, 2007, the three plaintiff corporations filed a two-count complaint. (Compl., Dkt. # 1.)  The complaint identifies the plaintiffs as three, separate corporations suing on behalf of yet four other corporations:   Century Indemnity Company sues as successor to Insurance Company of North America; ACE Property & Casualty Insurance Company (f/k/a Cigna Property & Casualty Insurance Company) sues on behalf of Central National Insurance Company of Omaha (but only in connection with policies issued by it through Cravens, Dargen & Company, Pacific Coast, as managing general agent); and Westchester Fire Insurance Company sues on behalf of TIG Insurance Company as successor to International Insurance Company, and as successor to U.S. Fire Insurance Company.  (*See id.* at ¶¶ 1-3.)

Count I alleges breaches of specified and unspecified contracts, each between Arrowood and one of the companies on whose behalf plaintiffs are suing.  More precisely, plaintiffs allege that Arrowood has breached contracts, "including but not limited to" nine separate reinsurance

certificates, each of which was issued to a predecessor of one of the plaintiffs. (*See id.* at ¶¶ 10, 15, 17.)

Count II requests a declaratory judgment with respect to the parties' rights and interests under the specified and unspecified contracts. Plaintiffs assert conclusorily that an actual controversy exists regarding "the amounts Plaintiffs would be entitled to recover from [Arrowood] under the Certificates for any future claims that Plaintiffs pay out on the Underlying Policies." (*See id.* at ¶ 20.) The complaint does not identify the nature of the purported case or controversy, rather it merely alludes to some unstated, future disagreement that could supposedly arise. (*See id.*) Likewise, plaintiffs assert that they will continue to bill the defendant under the specified and unspecified contracts, and that – "upon information and belief" – the defendant "will likely refuse to pay any future amounts billed . . . ." (*See id.* at ¶ 21.) Based on these generalized allegations, plaintiffs seek a sweeping judgment declaring that the defendant is in breach and "is obligated to pay future billings from Plaintiffs." (*See id.* at ¶ 22 & Prayer for Relief at ¶ (c).)

Plaintiffs allege that diversity jurisdiction over their claims exists under 28 U.S.C. § 1332. (*See id.* at ¶ 6.) In particular, plaintiffs claim that "the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars, and the parties are citizens of different states." (*See id.* at ¶ 6.) Plaintiffs nowhere state the amounts allegedly owing under each, separate contract. Nor do they allege whether the amount that each of the separate plaintiffs, suing on behalf of other respective corporations, exceeds seventy-five thousand dollars. Lastly, plaintiffs do not identify any singular transaction or nucleus of operative facts; rather, they assert claims from at least nine separate contracts issued to different predecessor companies in unstated years in the past.

## II. LEGAL ARGUMENT

### a. The Court Should Dismiss, Strike Or Require A More Definite Statement Of Plaintiffs' First Count Because Plaintiffs' Failed To Plead In Accord With Rule 10(b)

Rule 10(b) of the Federal Rules of Civil Procedure provides in relevant part that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count ..." In contravention of this requirement, plaintiffs have attempted to combine into one count claims arising from multiple transactions between the defendant and each of plaintiffs' respective predecessors-in-interest. The claim nowhere identifies a single transaction or occurrence that unites these distinct claims. There is none. The complaint asserts claims arising from at least nine separate reinsurance contracts, presumably issued at different times, with respect to different underlying insurance policies and different insureds. By conflating these claims, plaintiffs have succeeded in framing a pleading that does everything but offer a clear presentation of the matters set forth, and even makes indeterminate whether subject-matter jurisdiction exists as to any of the claims, much less all of them.

Under Rule 41(b), the Court has the authority to dismiss this claim for failure of the plaintiffs to comply with the Federal Rules of Civil Procedure. *See Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) ("If the district judge was correct in his application of Rule 10(b) to the original and amended complaints, dismissal of the action under Rule 41(b) was within his discretion.") (citation omitted). Nevertheless, the typical remedy to redress this type of violation of Rule 10(b) would be to strike the claim or to require a more definite statement. *See Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *see also* 2 Daniel R. Coquillette, *et al.* Moore's Federal Practice, § 10.03[2][b][4] (3d ed. 1997) (noting that failure to comply with Rule 10(b) can be raised in a motion to strike or a motion for a more definite statement).

Courts may require re-pleading "[1] where multiple claims are asserted, [2] where they arise out of separate transactions or occurrences, and [3] where separate statements will facilitate a clear presentation." *Folkman v. Roster Fin. LLC*, No. 05-2099, 2005 U.S. Dist. LEXIS 18117, at *10 (D.N.J. Aug. 16, 2005). Judicial enforcement of Rule 10(b) is particularly appropriate where the separation of the claims is "'necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (citing Moore's Federal Practice, § 10.03[2][a] (3d ed. 1997)). Moreover, courts have concluded that enforcement of Rule 10(b) is necessary in cases in which plaintiffs have failed to allege "each breach of contract in an independent count, separately listing the amount owed on each contract." *Ehlers Constr., Inc. v. Timbers of Shorewood, L.P.*, No. 03 C6966, 2004 U.S. Dist. LEXIS 3886, at *11-12 (N.D. Ill. Mar. 10, 2004) (dismissing complaint that alleged breach of agreement between the two parties, but failed to specify which of eight separate subcontracts was breached and amount due under each subcontract); *cf. Pullen v. Northstar Presidio Mgmt. Co., LLC*, No. 3:98 CV 771, 1998 U.S. Dist. LEXIS 15938 at *6-7 (D. Conn. Sept. 8, 1998) (distinguishing case in which contract and detrimental reliance claims arose from the same transaction or occurrence from cases in which Rule 10(b) requires that claims be pled in separate counts).

Plaintiffs' pleading fails to conform to the requirements of Rule 10(b) in that plaintiffs have alleged breach of at least nine separate reinsurance certificates in Count One of their Complaint. (*See* Compl., Dkt. # 1 at ¶¶ 10, 13.) Plaintiffs inclusion of claims arising out of nine separate identified reinsurance certificates and an unascertainable number of unidentified certificates in one count makes it difficult to discern the nature of the claims alleged and precludes Arrowood from framing a responsive pleading which will allow for efficient pre-trial

proceedings. For example, Plaintiffs repeatedly allege that Arrowood owes Plaintiffs, collectively, at least $259,342.62. (*See id.* at ¶¶ 5, 13, 18.) Although Plaintiffs include a break down of this number by the insured's account name in Paragraph 13, they not only fail to indicate the amounts owing on each policy and certificate, but also to which plaintiff these unstated amounts are owed. (*See id.* at ¶ 13.) The failure to allege claims arising from different transactions or occurrences in separate counts, not only inhibits responsive pleading in this case, but also makes it is impossible to ascertain whether the Court has subject matter jurisdiction over each of the claims in the case given that separate plaintiffs cannot aggregate their contract claims for purposes of satisfying 28 U.S.C. § 1332(a)'s amount-in-controversy requirement. *DAKDT, Inc. v. All Green Acquisition Corp.*, No. 1:06-cv-076, 2007 U.S. Dist. LEXIS 47085, at *7-9 (D.N.D. June 28, 2007); *see also Giermak v. Shearson Lehman Bros. Holdings, Inc.*, No. 91 C 5444, 1991 U.S. Dist LEXIS 17384, at *10 (N.D. Ill. Nov. 25, 1991) (holding that claims derived from separate insurance policies may not be aggregated to satisfy the jurisdictional amount required by 28 U.S.C. § 1332(a)).

In this instance, plaintiffs' failure to comply with Rule 10(b) is neither harmless nor inconsequential. Pleading claims arising from separate transactions or occurrences in separate counts facilitates framing the issues in a case, and thereby, allows for efficient pre-trial proceedings. *See Bautista*, 216 F.3d at 841. The conglomeration of claims in this instance foils any effort to determine whether subject-matter jurisdiction exists and whether the plaintiffs have properly joined their claims together in a single action. Moreover, these failures are not attributable to indigency, ignorance of the rules, or unintentional error. Plaintiffs are three large corporations represented by a major law firm. They chose to set forth their separate claims in a single count and with evasive and sweeping references to stated and unstated contracts. They

offer no basis for suing the defendant in this manner – or even for suing in this District. Whatever plaintiffs' motives, their non-compliance is clear and its consequences are problematic to the orderly progress of this litigation, including defendants' framing of an informed response. Accordingly, the Court should either dismiss or strike the first count, or in the alternative, order that the plaintiffs provide a more definite statement that asserts each of their claims in separate counts which identify the respective plaintiff that is making the claim, the contract allegedly breached, and the amount allegedly owed.

### b. The Court Should Dismiss The Plaintiffs' Second Count Because It Is Not Ripe For Adjudication, Or Is More Properly Adjudicated In The Future

On top of the conflation and Rule 10(b) problems that plague the first count, plaintiffs' second count suffers even more serious problems. Indeed, the Court should dismiss this count for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because it is not ripe for adjudication, or in the alternative, pursuant to the Court's discretionary powers under the Declaratory Judgment Act.

A court lacks subject matter jurisdiction over a declaratory judgment action in the absence of "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "[A] danger or dilemma which is contingent upon the happening of certain future or hypothetical events" lacks the requisite immediacy and reality to warrant the issuance of a declaratory judgment. *Bellefonte Reinsurance Co. v. Aetna Cas. & Sur. Co.*, 590 F. Supp. 187, 191 (S.D.N.Y. 1984). Thus, a request for a declaratory judgment based on the fear that the opposing party "may someday breach [a contract]" is not justiciable. *Van Der Horst v. Van Der Horst*, No. 06 C 5614, 2007 U.S. Dist.

LEXIS 26486, at *12 (N.D. Ill. Apr. 10, 2007).  Similarly, declaratory judgment actions involving undetermined underlying insurance liabilities are not justiciable.  *See, e.g. Bellefonte Reinsurance Co.*, 590 F. Supp. at 191-92.  Moreover, even in instances in which a declaratory judgment action is justiciable, the Declaratory Judgment Act leaves it in the court's discretion as to whether it is appropriate to exercise its jurisdiction.  *See* 28 U.S.C. § 2201; *see also Nat'l Union Fire Ins. Co. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) (asserting that the Declaratory Judgment Act confers on the federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants.")

Plaintiffs seek declarations that: "(i) [Arrowood] is in breach of the [c]ertificates [identified in the complaint]; and (ii) [Arrowood] is obligated to pay future billings from Plaintiffs." (*See* Compl., Dkt. # 1 at ¶ 22.)  The issue, however, of whether plaintiffs would be entitled to recover from Arrowood under the certificates for any potential future claims that plaintiffs may pay out on the underlying policies is not ripe for adjudication.  These hypothetical claims arising under the stated and unstated contracts depend on several future contingencies, including:  (a) a plaintiff incurring additional losses or expenses on one or more of the underlying insurance policies; (b) the loss exceeding the amount of the plaintiff's retention in the operative reinsurance agreement and otherwise falling within the coverage of the agreement; (c) the plaintiff complying with all of its obligations under the governing agreement, including providing appropriate notice and substantiating the certificate's coverage for the loss; and (d) the defendant failing to pay the billing without justification.   Thus, plaintiffs request a declaratory judgment not as to an actual controversy, but rather to allay their claimed fear that the Arrowood may someday breach one or more of the certificates.

Furthermore, even if the Court were to conclude that plaintiffs' request for a declaratory judgment is justiciable, the Court should dismiss plaintiffs second count pursuant its broad discretionary powers under the Declaratory Judgment Act. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995) (stressing the non-obligatory and discretionary nature of actions for declaratory relief and noting that, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); *New York Times Co. v. Gonzales*, 459 F.3d 160, 167 (2d Cir. 2006) (identifying factors for a court to consider in exercising its discretionary jurisdiction under the Declaratory Judgment Act). Plaintiffs seek a sweeping declaration that would require the Court to make numerous assumptions as to the future conduct of the parties. Rather than speculate about all of the possible permutations that may transpire in the future and allow for litigation over disagreements that may never come to fruition, the Court should exercise its prudential judgment and decline to exercise jurisdiction over the plaintiffs' second count. Likewise, insofar as the second count seeks a judgment declaring that the defendant is currently in breach of one or more of the stated and unstated contracts, the Court should decline to entertain this claim in favor of plaintiffs' direct claims for damages due to these alleged breaches. *See, e.g., GMC v. Dealmaker, LLC*, No. 07-CV-141, 2007 U.S. Dist. LEXIS 62383 (N.D.N.Y. Aug. 23, 2007) (declining to exercise jurisdiction over a claim for declaratory relief that was duplicative of a claim of breach of contract).

### III.   CONCLUSION

For the foregoing reasons, Arrowood respectfully requests that the court: (1) dismiss, strike or in the alternative require a more definite statement of plaintiffs' first count because of

plaintiffs' failure to plead in accordance with Rule 10(b); and (2) dismiss plaintiffs' second count because it is not justiciable, or is more properly adjudicated in the future.

Dated: Hartford, Connecticut
      January 21, 2008

                                        Respectfully submitted,

                                        DAY PITNEY LLP

                                        By:    /s/ Daniel L. FitzMaurice
                                                   Daniel L. FitzMaurice (DF-6096)

                                                   242 Trumbull Street
                                                   Hartford, Connecticut 06103-1212
                                                   Telephone:  (860) 275-0100
                                                   Facsimile:   (860) 275-0343

                                                   Attorneys for Defendant,
                                                   Arrowood Indemnity Company

**CERTIFICATION**

I hereby certify that on January 21, 2008, a copy of Defendant's Memorandum Of Law In Support Of Its Motion To Dismiss, Strike Or In The Alternative For A More Definite Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court' s CM/ECF System.

THIS IS TO CERTIFY that a copy of the foregoing was filed electronically this date to:

>Frank M. Esposito (FE-2558)
>CROWELL & MORING LLP
>153 East 53rd Street, 31st Floor
>New York, NY 10022
>E-mail: fesposito@crowell.com
>Telephone (212) 223-4000
>Fax (212) 223-4134

>    /s/ Daniel L. FitzMaurice
>    Daniel L. FitzMaurice (DF-6096)